HURWITZ, Justice,
concurring.
¶ 24 The Court today correctly remands this ease for resentencing. I join in its opinion without reservation. I write briefly to address a question that the Court pretermits, see Op. ¶ 19 — whether a court can constitutionally employ only an unenumerated aggravating circumstance under the “catch-all” provision in former A.R.S. § 13-702(0(18) (2001)[4] to impose a sentence in excess of the statutory presumptive term.
¶25 When an aggravating circumstance subjects a defendant to a sentence greater than one that could have been imposed because of the jury verdict alone, that circumstance is “the functional equivalent of an element of a greater offense than the one covered by the jury’s guilty verdict.” Apprendi v. New Jersey, 530 U.S. 466, 494 n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); see also id. at 501, 120 S.Ct. 2348 (Thomas, J., concurring) (“The aggravating factor is an element of the aggravated crime.”). Apprendi and its progeny teach that, with certain exceptions not relevant to this case, the Sixth Amendment requires that a jury find this additional element.
¶26 Price raised only Sixth Amendment arguments on appeal and the Court’s opinion thus appropriately turns only on the denial of a right to jury trial. But even when a jury trial is afforded, a serious Fourteenth Amendment due process problem is presented if the “catch-all” is the only factor that makes a defendant eligible for a sentence beyond the presumptive term. In that situation, one of the elements of the aggravated crime under former A.R.S. § 13-702(0(18) is effectively “[a]ny other factor the court deems appropriate to the ends of justice.” Under the current “catch-all,” A.R.S. § 13-702(0(24), the “functional element” of the aggravated crime in such a case is “[a]ny other factor that the state alleges is relevant to the defendant’s character, background or to the nature or the circumstances of the offense.”
¶ 27 A defendant has no notice, in advance of the conduct that exposes him to jeopardy for the “aggravated crime,” of precisely what is proscribed under the critical “catch-all” element. It is as if the .criminal code had one punishment for theft, and another for aggravated theft, the former consisting of theft simpliciter and the latter consisting of the elements of the theft plus “anything else the court or the state may someday later find relevant.”
¶28 A statute that fails to provide fair notice of precisely what acts are forbidden “violates the first essential of due process of *188 law.” Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). When criminal penalties are at issue, “[a]ll are entitled to be informed as to what the State commands or forbids.” Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939). Moreover, by failing to provide an explicit standard for a sentencing judge, the “catch-all” element would also seem to offend due process by allowing for arbitrary and discriminatory enforcement. See Smith v. Goguen, 415 U.S. 566, 575, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (“Statutory language of such a standardless sweep allows policemen, prosecutors, and juries to pursue their personal predilections.”); Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (“A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis....”).
¶29 It is difficult for me to see how an element of a crime as loosely defined as the “catch-all” aggravator can satisfy these basic elements of due process when used as the only “functional element of a greater offense.”[5] However, because Price did not raise this issue on appeal (and the State therefore has had no notice that the Court might address this issue), I am content to leave final resolution of this conundrum to another day.
CONCURRING: MICHAEL D. RYAN, Justice.

. The ''catch-all” provision has been amended and renumbered as A.R.S. § 13-702(C)(24) (Supp.2007-08). For the reasons explained below, the concerns expressed in this concurrence apply equally to the amended provision.

. The due process problem I address is not presented when a clearly enumerated aggravator is found and the sentencing court also considers items falling under the "catch-all” in arriving at the sentence. In that circumstance, the "aggravated crime” consists of the statutory elements of the underlying offense plus the enumerated ag-gravator. Because the defendant is exposed to the greater sentence because of the enumerated aggravator, the "catch-all” in such a circumstance is simply a sentencing factor relevant to the judge's discretion in deciding what sentence to impose within the constitutionally authorized range, not a functional element of the "aggravated crime.” See State v. Martinez, 210 Ariz. 578, 585 ¶ 26, 115 P.3d 618, 625 (2005).